John K. Flock, SBN 200183
*jflock@zellaw.com*
Andrew T. Cooledge, SBN 273909
*acooledge@zellaw.com*
**ZELMS ERLICH & LENKOV**
20920 Warner Center Lane, Suite B
Woodland Hills, CA 91367
Phone: (480) 608-2114
Attorneys for Defendant,
Costco Wholesale Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA MURPHY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; KHALEILA DOE; DOES 1-50, inclusive,<br><br>Defendants. | Case No. 5:25-CV-01663-JGB-DTB<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF MOTION AND MOTION TO DISQUALIFY ANTHONY WERBIN AND DOWNTOWN LA LAW GROUP AS PLAINTIFF'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:           October 6, 2025**<br>**Time:           9:00 a.m.**<br>**Courtroom:     1** |

**TO THE COURT, PLAINTIFF, AND HER ATTORNEY(S) OF RECORD:**

NOTICE IS HEREBY GIVEN that on October 6, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1 of this Court, located at the George E. Brown, Jr. Federal Building and United States Courthouse at 3470 Twelfth St., Riverside, CA 92501, 2nd Floor, Defendant Costco Wholesale Corporation ("Costco") will, and hereby does, move the Court for an Order to disqualify attorney

1

ZELMS ERLICH LENKOV    California | New Mexico | Arizona | Texas

Anthony Werbin and Downtown LA Law Group as Plaintiff Debra Murphy ("Plaintiff")'s counsel in this matter.

This Motion is brought on the grounds that Anthony Werbin, former counsel of Costco, is disqualified from representing Plaintiff now in a matter adverse to Werbin's former client. As the fruit of the poisoned tree, Downtown LA Law Group, Werbin's current employer, is vicariously disqualified from representing Plaintiff in this matter.

The Motion will be based on this Notice of Motion, on the Declaration of John K. Flock, Esq., the supporting Memorandum served and filed herewith, on the records and file herein, and on such evidence as may be presented at the hearing of the Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 5, 2025. Counsel for Costco, John K. Flock, and counsel for Plaintiff, Igor Franklin, were on the call. The conference lasted approximately seven minutes, during which the parties discussed whether Plaintiff would assent to disqualification of Werbin and Downtown LA Law Group. The parties were unable to resolve this issue at the conference. Declaration of John K. Flock, ¶ 2.

DATED: September 9, 2025          **ZELMS ERLICH & LENKOV**


By: _____

JOHN K. FLOCK
Attorneys for Defendant, Costco Wholesale
Corporation

# **TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT........................5

II.   FACTUAL BACKGROUND...........................................................8

III.  ARGUMENT..................................................…..................10

    a.   Disqualification Is Proper to Preserve Costco's Confidential
        Communications with Its Former Lead Counsel..............................11

    b.   B. Werbin's Knowledge Is Imputed to All Members of DTLA Law Group
        and the General Rule of Vicarious Liability Applies ........................16

    c.   C. The Court Should Exercise Its Authority to Order Disqualification of
        DTLA Law Group..................................................................18

IV.   CONCLUSION ..................................................…............19

ZELMS
ERLICH
LENKOV   California | New Mexico | Arizona | Texas

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY WERBIN AND DOWNTOWN
LA LAW GROUP AS PLAINTIFF'S COUNSEL; MEMORANDUM OF POINTS & AUTHORITIES

1

# <u>TABLE OF AUTHORITIES</u>
## Cases

*Cochran v Costco Wholesale Corporation*
  Case No. BC708124…………………………………………..……7

*Rodas v. Costco Wholesale Corporation*
  Case No. 20STCV30503………………………………………………7,8

*Navarro v. Costco Wholesale Corporation*
  Case No. 21STCV03573………………………………………..…7

*Tran v. Costco*
  Case No. 23cv2057-GPC(BLM) ………………………………..……7,8

*Jarvis v. Jarvis*
  33 Cal.App.5th 113, 139 (2019).……………… ………………..…….8

*Jessen v. Hartford Casualty Ins. Co.*
  111 Cal.App.4th 698 (2003). …………………………………….....9

*Guo Jun Chen v. Costco Wholesale Corporation*
  Case No. BC654699………………………………………………11

*Francis v. Luna,*
  2025 WL 736584, 2025 U.S. Dist. LEXIS 44372, *3 (C.D. Cal., Jan. 31,
  2025)…………………………….. ……………………………………13

*In re Cty. of Los Angeles*
  223 F.3d 990, 995 (9th Cir. 2000)………………………………...……13

*Ontiveros v. Constable*
  245 Cal.App.4th 686, 694 (2016)………………………………………13

*People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc*.
  20 Cal.4th 1135 (1999)……………………………… ……………….....13

*Wutchumna Water Co. v. Bailey*, 216 Cal. 564, 571 (1932)…………… ………….13

*State Comp. Ins. Fund v. Drobot*
  192 F.Supp.3d 1080, 1087 (C.D. Cal. 2016)…………… ………..………13

4

*H. F. Ahmanson & Co. v. Salomon Bros.*
229 Cal.App.3d 1445, 1451 (1991)……………… …………………………....…14

*Gregori v. Bank of America*
207 Cal.App.3d 291, 298 (1989)……………… …………………………...…14

*Flatt v. Superior Court*
9 Cal.4th 275, 283 (1994)…………… …………………………………..…14

*River West, Inc. v. Nicke*
(1987) 188 Cal.App.3d 1297, 1304, 1308)…………… …………………....…14

*Andric v. California*
55 F. Supp. 2d 1056, 1062 (C.D. Cal. 1999)…………… …………………..…14

*Kirk v. First Am. Title Ins. Co.*, 183 Cal.App.4th 776 (2010)…………...…….....18

*Elizabeth Grimes v. Costco Wholesale Corporation.*
Case No. CIVSB2420703 ……………………………………………..…….19

*Henriksen v. Great American Savings & Loan*
11 Cal.App.4th 109, 116 (1992)……………… …………………………….19

*Paul E. Iacono Structural Engineer, Inc. v. Humphrey*
722 F.2d 435, 442, fn. 10 (9th Cir. 1983)……… …………………………...19

*The Chinese Wall Defense to Law- Firm Disqualification*
128 U.Pa.L.Rev. 677, 706-713 (1980)……. ………………………………19

*Nat'l Grange of Order of Patrons of Husbandry v. California Guild*
39 Cal.App.5th 706 (2019)……………… …………………………………19

*William H. Raley Co. v. Super. Ct.*
149 Cal.App.3d 1042, 1048 (1983)……. ……………………………...…20

*Winter v. Menlo*
110 Cal.App.5th 299, 319 (Apr. 2, 2025)………… ………………………..…20

*Kennedy v. Eldridge*
201 Cal.App.4th 1197, 1205 (2011)………… …………………………….....20

ZELMS
ERLICH
LENKOV    California | New Mexico | Arizona | Texas

5

**Statutes**

Business and Professions Code § 6068, subdivision (e)(1)……………………....…14

Cal. Code Civ. Proc. § 128(a)(5). …………………………………………..…13, 20
Cal. Bus. & Prof. Code § 6068(e)(1) …………………………………………………14

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY WERBIN AND DOWNTOWN LA LAW GROUP AS PLAINTIFF'S COUNSEL; MEMORANDUM OF POINTS & AUTHORITIES**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Anthony Werbin is an attorney with Downtown LA Law Group ("DTLA Law Group"), Plaintiff Debra Murphy ("Plaintiff")'s counsel of record. Prior to joining DTLA Law Group, Werbin was counsel for Defendant, Costco Wholesale Corporation ("Costco") in 21 cases from July 5, 2017, to January 16, 2020.

In that capacity, Werbin became intimately familiar with Costco's proprietary information and defense strategies. This is demonstrated by numerous decisions in which courts have found Werbin disqualified from representing plaintiffs in matters adverse to Costco. Costco files herewith a Request for Judicial Notice attaching as exhibits *five* previous decisions in which Werbin, and in four cases DTLA Law Group, were disqualified as plaintiffs' counsel against Costco.

Critically, from 2021 through 2025, DTLA Law Group pursued at least *fourteen* cases against Costco—including *Cochran v Costco Wholesale Corporation,* Case No. BC708124; *Rodas v. Costco Wholesale Corporation*, Case No. 20STCV30503; *Navarro v. Costco Wholesale Corporation*, Case No. 21STCV03573; and *Tran v. Costco*, Case No. 23cv2057-GPC(BLM), each discussed in detail below—in which the Los Angeles County Superior Court and United States District Court disqualified DTLA Law Group. Costco's Request for Judicial Notice filed herewith (the "RJN") contains decisions from *ten* additional cases in which state and federal courts disqualified DTLA Law Group as plaintiff's counsel.

In October 2021, in *Cochran v Costco Wholesale Corporation* (Case No. BC708124), the Los Angeles County Superior Court disqualified DTLA Law Group from serving as plaintiff's counsel in a lawsuit against Costco. In that case—even though two DTLA Group attorneys filed declarations stating that "Werbin's team is not assigned any cases involving Costco" and that "Werbin has never been consulted by any member of DTLA Law Group" regarding a Costco case—the Superior Court found "DTLA Law Group's evidence of their policy concerning Werbin and Costco

7

cases [wa]s insufficient to rebut the presumption" of vicarious liability disqualifying the employing firm. RJN, Ex. A (Hon. Serena R. Murillo, Order dated October 25, 2021) at pp. 5-6. The court noted the "paramount concern … [on] a motion to disqualify … 'must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar.'" *Id.* at p. 6, *quoting Jarvis v. Jarvis*, 33 Cal.App.5[th] 113, 139 (2019). "Thus, under these circumstances and in light of the paramount concern to preserve public trust in the scrupulous administration of justice and integrity of the bar, the Court finds DTLA Law Group should be disqualified from representing Plaintiff in this action." *Id.*

In *Rodas v. Costco Wholesale Corporation* (Case No. 20STCV30503), the Superior Court concluded that "Werbin gained confidential information" and this information "would be material to litigating the current matter and would provide an unfair advantage to Plaintiff." *See* RJN, Ex. B (Hon. Susan Matcham, Order dated February 8, 2023), at p. 7. The court in *Rodas* specifically noted "at least six" similar personal injury cases in which Werbin was Costco's lead counsel. *Id.* at p. 6. It further found that "DTLA Law Group's evidence of their policy concerning Werbin and Costco cases is insufficient to rebut the presumption" of vicarious liability, that "the screening measure was not imposed when the conflict first arose," and that DTLA Law Group was therefore disqualified from serving as plaintiff's counsel *Id.* at pp. 8-9. Similarly, in *Navarro v. Costco Wholesale Corporation et al.* (Case No. 21STCV03573), the Superior Court granted Costco's request for judicial notice and disqualified Downtown LA Law Group as plaintiff's counsel. RJN, Ex. C (Hon. Charles C. Lee, Minute Order dated February 21, 2023).

In April 2024, in *Tran v. Costco* (Case No. 3:23-cv-02057-GPC-BLM), the Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, granted Costco's motion to disqualify DTLA Law Group as plaintiff's counsel. The District Court found that, among other things, Werbin served as Costco's lead counsel in 21 cases, including one that went to trial, and was "was privy to

8

ZELMS
ERLICH
LENKOV  California | New Mexico | Arizona | Texas

Costco's pre-litigation strategies, case handling procedures, attorney-client communications, confidential and proprietary information about Costco's operations, confidential client documentation, policies and procedures." RJN, Ex. D at 2:1-25 (Hon. Gonzalo P. Curiel, Order dated April 2, 2024). He "had a prior direct attorney-client relationship where he was exposed to confidential material that is substantially related to the current representation." *Id.* at 10:13-16. Werbin asserted that since being employed by DTLA, he "ha[d] not consulted with, instructed or advised any other attorney or staff" on "any aspects of a Costco case," and he and his team were "not assigned to any Costco cases;" even so, the District Court found that DTLA Law Group "failed to bear its burden to show that no confidential information was exchanged between Werbin and other DTLA Law attorneys regarding Costco trip-and-fall cases prior to December 2021." *Id.* at 2:21-3:4, 14:9-11. Notably, the court rejected DTLA Law Group's argument that Werbin's knowledge was "merely 'playbook' material and not a basis for disqualification" and that the firm had implemented proper ethical screens. *See id.* at 6:14-19. Therefore, DTLA Law Group "failed to rebut the presumption of vicarious disqualification," and was disqualified from representing the plaintiff. *Id.* at 16:10-16.

Costco's RJN contains decisions from a further *ten* cases, spanning 2021 through 2025, in which state and federal courts disqualified DTLA Law Group as plaintiff's counsel (*see* Exs. F-P), including one in which the District Court also denied plaintiff's motion for reconsideration of its decision (*Reid v. Costco Wholesale Corporation, et al.*, Case No. 8:23-cv-00255-FWS-JDE; Exs. L, M).

The general rule of vicarious disqualification of the firm would generally apply, thus imputing Werbin's knowledge to all members of his firm. In previous cases, DTLA Law Group has argued it attempted to shield the other members of the firm from Werbin. However, those minimal efforts have been ruled insufficient. In fact, on July 2, 2024, Werbin signed and filed another lawsuit against Costco. He has since explained it was a mistake. In any event, the safeguards that DTLA Law Group has

9

attempted to implement have failed. Therefore, Costco respectfully requests an Order to disqualify DTLA Law Group as Plaintiff's counsel in this matter.

## II.    FACTUAL BACKGROUND

Costco is a publicly traded, self-insured, membership-only retailer. Declaration of Leigh Ann Ruijters ("Ruijters Decl.") at ¶ 2. Costco has a commitment to promoting from within. As a result of this policy, Costco's warehouse level management frequently has been employed with Costco for several years. Ruijters Decl., ¶ 3. Costco managers can and do transfer between warehouses, a benefit to Costco in distributing the institutional knowledge of its warehouse managers throughout any given region. (*Id*. at ¶ 4.)

Costco places importance on hiring local attorneys with an understanding of Costco's business practices and litigation strategy. (*Id*. at ¶ 5.) Costco is closely involved with litigation decisions such as whether to settle, whether to participate in alternative dispute resolution, whether to appeal adverse rulings, and whether to incur certain expenses. (*Id*. at ¶ 6.) Costco is in regular communication with its attorneys regarding all aspects of litigation and/or settlement and makes its litigation decisions in the context of promoting its relationships with its customers and advancing business interests. (*Id*. at ¶7.)

Anthony Werbin is an attorney with DTLA Law Group. Before joining DTLA Law Group, Werbin was counsel for Costco on 21 cases from July 5, 2017, to January 16, 2020, while with Manning & Kass, Ellrod, Ramirez, Trester LLP. (*Id*. at ¶ 9.) Werbin billed a total of 1,195 hours of time between 2017 and 2020 working on Costco matters. (*Id*. at ¶ 15.) Werbin's representation of Costco involved matters relating to personal injuries substantially similar to the claims made by the Plaintiff in the instant case. (*See id*. at ¶ 10.)

While serving as Costco's attorney, Werbin was lead counsel and handled virtually every aspect of Costco's files, including but not limited to developing strategy, communicating with Costco employees as well as its claims administrator

10

ZELMS
ERLICH
LENKOV    California | New Mexico | Arizona | Texas

Gallagher Bassett, reviewing confidential and privileged documents, preparing responses to discovery, preparing witnesses to testify at depositions, defending numerous depositions of Costco employees, and developing litigation strategy. (*Id.* at ¶ 12.) By way of example, Werbin served as one of Costco's trial counsel in the case of *Guo Jun Chen v. Costco Wholesale Corporation* (Los Angeles County Superior Court, Case No. BC654699) which went to jury trial on May 29, 2019, and in which a verdict was rendered for Costco on June 4, 2019. (*Id.* at ¶ 11.)

The confidential information conveyed to Werbin as Costco's counsel goes well beyond what could be gleaned through discovery. In connection with his work on these 21 cases, Werbin was privy to Costco's pre-litigation strategies, case handling procedures, attorney-client communications, confidential and proprietary information concerning Costco's operations, confidential client documentation, policies and procedures, and trade secrets. (*Id at* ¶ 13.) He was familiar with matters such as Costco's usual and customary practice to seek protective orders relative to documents it produces in discovery. (*Id* at ¶ 8.)

Further, in March 2019, Werbin was an active participant in a day-long California Defense Counsel Conference that Costco held for its panel of defense attorneys in California in order to discuss California litigation, convey information, and share defense tools and strategies among its defense counsel. (*Id.* at ¶ 14.) After the Conference, Werbin sent an email to other attendees sharing his thoughts on defense strategy. *Id.* Notably, the group in attendance at the Conference was not every attorney who represents Costco on California cases but was, instead, a select group—a subset of attorneys—who worked on California cases for Costco. (*Id.* at ¶ 15.)

In the present case, Plaintiff Debra Murphy filed suit on or about May 9, 2025, in the Superior Court of California, County of Riverside, alleging claims for general negligence and premises liability arising out of an alleged accident on or about May 24, 2023. Plaintiff alleges that as she "selected a bottle of wine from a display within the subject premises, an unsecured bottle of wine collapsed onto the floor, shattered

11

and caused broken glass to strike Plaintiff," causing her injuries and damages. (Complaint, ¶ GN-1.)

## III.  ARGUMENT

The fundamental problem with DTLA Law Group's representation of Plaintiff is the same as in previous cases: DTLA Law Group seeks to represent a plaintiff in litigation directly adverse to Costco, while employing Anthony Werbin, Costco's former lead counsel in more than 20 substantially similar matters. While Plaintiff may attempt to distinguish this case based on the specific facts of her alleged injury, such distinctions are immaterial. The issue is not how the injury occurred, but rather that Werbin, through his prior representation of Costco, acquired confidential and privileged information that is directly relevant to this case.

DTLA Law Group knew of this potential conflict of interest when Werbin joined the firm and chose to hire him anyway. Knowing of this inherent conflict with potential clients of their own, DTLA Law Group failed to implement effective and timely measures sufficient to guarantee that information would not and could not be conveyed. The paramount concern in evaluating a motion to disqualify is not the convenience of counsel or the economic interests of a law firm—it is the preservation of public trust in the fair and ethical administration of justice. That trust is jeopardized when a firm with access to a former client's confidential information is permitted to litigate against the former client. As set forth in more detail below, this Court should disqualify DTLA Law Group from representing Plaintiff in this matter.

### A.  Disqualification Is Proper to Preserve Costco's Confidential Communications with Its Former Lead Counsel.

"Federal courts in California apply California state law in determining matters of disqualification." *Francis v. Luna*, 2025 WL 736584, 2025 U.S. Dist. LEXIS 44372, *3 (C.D. Cal., Jan. 31, 2025), *citing In re Cty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("[W]e apply state law in determining matters of disqualification"). The "trial court's authority to disqualify an attorney derives from the power inherent

ZELMS
ERLICH
LENKOV    California | New Mexico | Arizona | Texas

in every court "[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." *Id.*, *citing* Cal. Code Civ. Proc. § 128(a)(5). *See also Ontiveros v. Constable*, 245 Cal.App.4th 686, 694 (2016); *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc*., 20 Cal.4th 1135 (1999) ("*SpeeDee Oil*").

It has long been the policy of California law that an attorney's duties of confidentiality and loyalty to clients do not end when the representation ends. The purpose of this policy is to foster uninhibited communication between attorneys and clients and to enhance public trust in the Bar. Consistent with this policy, courts take a strict approach to ensure that a former client's interests are protected. As the California Supreme Court held in *Wutchumna Water Co. v. Bailey*, 216 Cal. 564, 571 (1932), "The relation of attorney and client is one of highest confidence and as to professional information gained while this relation exists, the attorney's lips are forever sealed, and this is true notwithstanding his subsequent discharge by his client and notwithstanding the lack of any justification for such action." The "paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." *State Comp. Ins. Fund v. Drobot*, 192 F.Supp.3d 1080, 1087 (C.D. Cal. 2016), *quoting SpeeDee Oil*, 20 Cal.4th at 1145; *see also Francis*, *supra*, 2025 U.S. Dist. LEXIS 44372, at *3 (quoting *Drobot*).

To achieve these goals, "[i]t is beyond dispute a court may disqualify an attorney from representing a client with interests adverse to those of a former client.*" H. F. Ahmanson & Co. v. Salomon Bros*., 229 Cal.App.3d 1445, 1451 (1991) ("*Ahmanson*"), *citing Wutchumna Water Co.*, *supra*, 216 Cal. at 573-574, *Gregori v. Bank of America*, 207 Cal.App.3d 291, 298 (1989). "Disqualification of the attorney from representing the second client is *mandatory* where the substantial relationship test is met and access to confidential information is presumed." *Flatt v. Superior Court*, 9 Cal.4th 275, 283 (1994) (emphasis added). "Where such a conflict of interest

13

ZELMS ERLICH LENKOV    California | New Mexico | Arizona | Texas

exists, and the former client has not consented to the current representation, disqualification follows as a matter of course. The court does not engage in a 'balancing of equities' between the former and current clients. The rights and interests of the former client will prevail." *Ahmanson*, 229 Cal.App.3d at 1451, *citing River West, Inc. v. Nickel* (1987) 188 Cal.App.3d 1297, 1304, 1308.

The State Bar of California Rules of Professional Conduct Rule 1.9 provides that a "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed written consent."

The principles articulated in the cases cited above are codified in California's Business and Professions Code and Rules of Professional Conduct. Section 6068 of the California Business and Professions Code requires lawyers to "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." Cal. Bus. & Prof. Code § 6068(e)(1); *see Andric v. California*, 55 F. Supp. 2d 1056, 1062 (C.D. Cal. 1999) [applying section 6068(e)(1) and ethical standards, and disqualifying firm based on attorney's conflict of interest].

Rule 1.6 of the California Rules of Professional Conduct, in turn, provides, "A lawyer shall not reveal information protected from disclosure by Business and Professions Code § 6068, subdivision (e)(1) unless the client gives informed consent." Consistent with *Wutchumna,* the Comments to Rule 1.6 emphasize:

> "*Preserving the confidentiality of client information contributes to the trust that is the hallmark of the lawyer-client relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or detrimental subjects. The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct.*"

It is without dispute that Plaintiff's interests in this case are adverse to those of Costco, and that Costco has not given any consent, written or otherwise, that

14

acknowledges an agreement that their former lead counsel can represent the Plaintiff now. Nonetheless, Plaintiff's right to counsel of choice must be weighed against Costco's concerns of attorney-client confidentiality.

To accomplish this, the courts look at whether or not there exists a substantial relationship between the subjects of the current and former representation. "[A] 'substantial relationship' exists whenever the 'subjects' of the prior and the current representations are linked in some rational manner." *Jessen*, 111 Cal.App.4th at 711 (2003) (*citing Flatt*, 9 Cal.4th at 283). The "subject" of a representation includes "information material to the evaluation, prosecution, settlement or accomplishment of the litigation or transaction given its specific legal and factual issues." *Id.* at 712-13. "[S]uccessive representations will be 'substantially related' when the evidence before the trial court supports a rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues." *Id.* at 713.

Here, Plaintiff contends she encountered a hazardous condition at a Costco warehouse and, as a result of that encounter, was injured. Regardless of the precise alleged hazard that caused Plaintiff's alleged injuries, the information material to the evaluation, prosecution, settlement or accomplishment of the former is not keyed to the particular manner of injury or the substance that resulted in a slip and fall or other injury, but rather to an evaluation of the actions or inactions taken by the warehouse in their efforts to keep their store free of hazards.

The substantial relationship between Werbin's prior representation and the present case is not merely theoretical. In both the current matter and Werbin's prior cases, the core legal and factual issues revolve around Costco's premises liability policies, employee training, hazard mitigation procedures, and litigation strategy in defending personal injury claims. For example, in *Cochran, Rodas,* and *Tran*, the

15

ZELMS ERLICH LENKOV    California | New Mexico | Arizona | Texas

courts explicitly found that Werbin's prior access to Costco's internal decision-making and defense tactics created an unfair advantage. (*See* RJN, Exs. A, B, D.) The same considerations apply here, where Plaintiff's claims again challenge Costco's handling of in-store hazards—an area in which Werbin was deeply involved as lead counsel.

The *Ahmanson* court found that an analysis of "substantial relationship" claims should "focus on the similarities between the two factual situations, the legal questions posed, and the nature and extent of the attorney's involvement with the cases. As part of its review, the court should examine the time spent by the attorney on the earlier cases, the type of work performed, and the attorney's possible exposure to formulation of policy or strategy." *Ahmanson,* 229 Cal.App.3d at 1455. Using this as a basis for analysis in the present matter, it becomes clear that a substantial relationship exists between the present matter and former lawsuits in which Werbin represented Costco.

Werbin's involvement as lead counsel for Costco was extensive, including responsibility for forming strategy and action plans. He had immediate access and exposure to decision makers for Costco regarding any and all tactical decisions including whether or not to go to trial and what if any amount may be appropriate for settlement. He had intimate and privileged conversations regarding Costco's policies, practices and procedures. Werbin was presented with, and had access to, all the same proprietary information necessary to defend against a personal injury action as Costco's present counsel.

The legal question posed in any premises liability case is whether or not a plaintiff is harmed because of the way a defendant managed their property. To prove this, the defendant must have controlled the property, been negligent in the use or maintenance of the property, resulting in harm to the plaintiff, and the defendant's negligence was a substantial factor in causing the harm. These are the same legal questions that play out in every slip and fall case.

16

Werbin, as former lead counsel for Costco, was fully involved with every case that he handled, as evidenced by the over 1000 hours he billed for his services. Because of Costco's active involvement in the decision-making process related to litigation and settlement negotiations, Werbin was exposed to and participated in *Costco's* formulation of policy and strategy. It is precisely Werbin's effectiveness that garnered him the ready access to the inner workings of Costco's litigation strategies and company policies.

Plaintiff may argue that Werbin has not directly participated in this matter or that DTLA Law Group has implemented ethical screens to prevent the exchange of confidential information. However, courts have consistently held that the appearance of impropriety and the risk of inadvertent disclosure are sufficient to warrant disqualification, *particularly* where the attorney in question had deep involvement with the former client's litigation strategy. Here, Werbin's extensive prior representation of Costco, coupled with DTLA Law Group's delayed and ineffective screening measures, renders any such argument unavailing. The risk to Costco's confidential information is not speculative, but demonstrated by prior disqualifications and ongoing lapses in DTLA's internal controls.

Given Werbin would be disqualified from representing Plaintiff in this matter had he been involved, the issue is whether DTLA Law Group should be disqualified from representing Plaintiff in this matter.

**B.    Werbin's Knowledge Is Imputed to All Members of DTLA Law Group and the General Rule of Vicarious Liability Applies.**

As held in *Kirk v. First Am. Title Ins. Co.*, 183 Cal.App.4th 776 (2010), vicarious disqualification is the general rule and courts should presume knowledge is imputed to all members of a tainted attorney's law firm, but that "in the proper circumstances, the presumption is a rebuttable one, which can be refuted by evidence that ethical screening will effectively prevent the sharing of confidences in a particular case." *Id.* at 801. The burden is on DTLA Law Group to provide "evidence that ethical

17

screening will effectively prevent the sharing of confidences in a particular case." *Id.* DTLA Law Group must also show that Werbin "has not had and will not have any involvement with the litigation, or any communication with attorneys or [] employees concerning the litigation, that would support a reasonable inference that the information has been used or disclosed." *Id.* at 810.

Two elements are necessary in an effective screen. First, a vicariously disqualified firm must have imposed a timely screen that is implemented when the conflict first arises. *Id.* A firm cannot "wait until [a] trial court imposes screening measures as part of its order on [a] disqualification motion." *Id.* "[S]creening should be implemented before undertaking the challenged representation or hiring the tainted individual. Screening must take place at the outset to prevent any confidences from being disclosed." *In re Complex Asbestos Litig.*, 232 Cal.App.3d 572, 594 (1991). Second, a vicariously disqualified firm must show that they have implemented preventative measures that guarantee that information will not be conveyed to the disqualified attorney. (*Kirk*, 183 Cal.App.4th at 810.) A firm's burden is not met simply by producing "declarations stating that confidential information was not conveyed or that the disqualified attorney did not work on the case." (*Id.*)

DTLA Law Group fails to meet either of the requisite elements to rebut the presumption of vicarious disqualification is proper. Regarding timeliness, despite DTLA Law Group's knowledge of Werbin's conflict in February 2021 when his employment with them began, they did not implement any policy until December 2021. The firm waited nearly a year after Werbin's employment began to implement anything resembling an "ethical wall." Within that time, on July 23, 2021, DTLA Law Group filed a complaint against Costco in Alameda Superior Court (Alameda County Superior Court, Case No. RG21106297). And, on July 2, 2024, Werbin signed and filed a Complaint against Costco in the Superior Court of California, County of San Bernardino, *Elizabeth Grimes v. Costco Wholesale Corporation*, Case No. CIVSB2420703. (*See* RJN, Ex. E.)

18

Moreover, DTLA Law Group's policies have not operated to effectively guarantee that information will not be conveyed. (*Kirk*, 183 Cal.App.4th at 810.) The typical elements of an effective ethical wall are: (1) physical, geographic, and departmental separation of attorneys; (2) prohibitions against and sanctions for discussing confidential matters; (3) established rules and procedures preventing access to confidential information and files; (4) procedure preventing a disqualified attorney from sharing in the profits from the representation; and (5) continuing education in professional responsibility. *Henriksen v. Great American Savings & Loan*, 11 Cal.App.4th 109, 116 (1992), *citing, inter alia, Paul E. Iacono Structural Engineer, Inc. v. Humphrey*, 722 F.2d 435, 442, fn. 10 (9th Cir. 1983), Comment, *The Chinese Wall Defense to Law- Firm Disqualification*, 128 U.Pa.L.Rev. 677, 706-713 (1980).

While DTLA Law Group may have implemented some measures to separate Werbin from Costco cases, the high bar is not "some measures," it is imposition of "*preventive measures* to *guarantee*" that information will not be conveyed. *Kirk,* 183 Cal.App.4th at 801 (emphasis added). "[V]icarious disqualification is the *general* rule" and is only rebuttable "in the proper circumstances … by evidence that ethical screening *will effectively prevent* the sharing of confidences in a particular case." *Id.* (emphasis added); *see also Nat'l Grange of Order of Patrons of Husbandry v. California Guild*, 39 Cal.App.5th 706 (2019). The actions DTLA Law Group took were too little, too late, ineffective, and they cannot rebut the general rule that vicarious disqualification applies.

## C. The Court Should Exercise Its Authority to Order Disqualification of DTLA Law Group.

"A trial court's authority to disqualify an attorney derives from the power inherent in every court [t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." *SpeeDee Oil, supra*, 20 Cal.

19

ZELMS
ERLICH
LENKOV    California | New Mexico | Arizona | Texas

4th at 1145, *citing* Cal. Code Civ. Proc. § 128(a)(5). Exercise of that power requires a cautious balancing of competing interests, and the court must weigh the combined effect of "a party's right to counsel of choice, an attorney's interest in representing the client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest." *William H. Raley Co. v. Super. Ct.*, 149 Cal.App.3d 1042, 1048 (1983).

"Ultimately, disqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility." *SpeeDee Oil*, 20 Cal. 4th at 1145. "The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar. The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process." *Id*.; *see also Winter v. Menlo*, 110 Cal.App.5th 299, 319 (Apr. 2, 2025). Thus, "where an attorney's continued representation threatens an opposing litigant with cognizable injury or would undermine the integrity of the judicial process, the trial court may grant a motion for disqualification, regardless of whether a motion is brought by a present or former client of recused counsel." *Kennedy v. Eldridge*, 201 Cal.App.4th 1197, 1205 (2011).

Additionally, the balance of competing interests and hardships favors disqualification, particularly since this case is still in its preliminary stages. Plaintiff's Complaint was filed with the California Superior Court on May 9, 2025. Costco filed its Notice of Removal on or about July 3, 2025, and its Answer on or about July 9, 2025. A trial date has not been set. As such, there are no upcoming deadlines that would prejudice Plaintiff, and Plaintiff would have plenty of time to find another attorney to competently handle the case. The alternative, to allow DTLA Law Group to continue to represent Plaintiff, would require Costco to constantly investigate the

fact, or potential, that the firm will obtain and utilize Costco's confidential information, even if the use of that information is unintentional.

As the California Court of Appeals observed in *William H. Raley Co.*, 149 Cal.App.3d at 1048, the balance is in favor of the "fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest." Accordingly, Costco respectfully requests that the Court exercise its authority to disqualify Werbin and DTLA Law Group.

## IV.    CONCLUSION

For the reasons set forth above, Costco respectfully requests that this Court grant its Motion, and issue an Order disqualifying Anthony Werbin and Downtown LA Law Group as counsel for Plaintiff.


DATED: September 9, 2025                **ZELMS ERLICH & LENKOV**


By: _____
JOHN K. FLOCK
Attorneys for Defendant, Costco Wholesale Corporation

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 20920 Warner Center Lane, Suite B, Woodland Hills, California 91367

On September 9, 2025, I served true copies of the following document(s) described as **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF MOTION AND MOTION TO DISQUALIFY ANTHONY WERBIN AND DOWNTOWN LA LAW GROUP AS PLAINTIFF'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

| | |
|---|---|
| Igor Franklin, Esq.<br>Downtown LA Law Group<br>612 S. Broadway<br>Los Angeles, CA 90014<br>(213) 389-3765<br>igorteam@downtownlalaw.com | Attorneys for Plaintiff,<br>*Debra Murphy* |

**[X]  BY E-MAIL**, the foregoing above-described document(s) were electronically served to the above-mentioned party. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 9, 2025, at Woodland Hills, California.

| | |
|---|---|
| Candice Jacobsen | *Candice Jacobsen* |
| Type or Print Name | Signature |